Frazier, J.
It is claimed by counsel for plaintiff in error, that as the defendant in the magistrate’s court did not waive trial by jury in writing, the magistrate had no final jurisdiction in the case; and in support of this position they cite the general provisions applicable to misdemeanors. Rev. Stats., Sec. 7147 (82 O. L., 149.)
*3 This statute provides: “ If the offense charged is a misdemeanor, and the accused in a'writing subscribed by him, and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment.” This waiver gives the magistrate final jurisdiction.
But the prosecution in the present case is under a special statute, which gives the justice jurisdiction,, not to examine into the offense, but to “ hear the prosecution,” and, “ if a trial by jury be not waived, said justice shall proceed to empanel a jury * * * if the accused shall neglect or refuse to strike, it shall be the duty of the justice to strike for him.” This was a prosecution, and not merely an examination. The language of the statute is, “if a trial by jury be not waived.”
It appears that a trial by jury was waived, and this it seems gives the magistrate power to hear the prosecution and proceed to judgment without a jury. We do not see how the provisions of R. S. 7147, apply to prosecutions under this statute.
Sections 7147 and 3718 a, of Revised Statutes, are not in our opinion in pari materia.
It follows, therefore, that the judgment of the court of common pleas, affirming the magistrate, must be affirmed.